# IN THE COURT OF APPEALS OF IOWA

No. 17-0923
Filed October 11, 2017

**IN THE INTEREST OF D.J. and B.J.,**
**Minor Children,**

**T.J., Mother,**
      Petitioner-Appellee,

**C.J., Father,**
      Respondent-Appellant.
_____

      Appeal from the Iowa District Court for Clayton County, Alan D. Allbee,

Associate Juvenile Judge.


      The father appeals the juvenile court's order terminating his parental rights

to his children, pursuant to chapter 600A.  **AFFIRMED.**


      Cory R. Gonzales of Law Firm of Cory R. Gonzales P.L.L.C., Strawberry

Point, for appellant father.

      Justin M. Vorwald of Ehrhardt, Gnagy, McCorkindale & Vorwald, Elkader,

for appellee mother.


      Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

**I. Background Facts and Proceedings.**

Tonya (mother) and Clint (father) divorced in 2012. They had two children together: D.J., born in 2005; and B.J., born in 2008. The parties were awarded joint legal custody and shared physical care of their children under the dissolution decree. The parties waived child support. The mother and father lived close to each other, and the children would alternate weeks between the mother's and father's care.

In September 2014, the mother suspected the father was using methamphetamine while caring for the children after the children reported abnormal behavior from the father during a visit. The children reported the father was sleeping all day and they were required to cook their own meals on an open fire. The children also reported the father would disappear for an hour in his camper with a friend. The mother testified the father had a significant amount of weight loss and "open sores all over."[1] Following the suspicion of drug use, the mother refused to allow the children to visit the father under the terms of the dissolution decree unless the father submitted to a drug screening.

The father filed a motion for contempt based on the mother's refusal to allow visitations. The matter came on for a hearing, and in its January 2015 order, the court found the mother was not in contempt of court. The court based its findings on the concern for the safety of the children due to the father's un-

---

[1] The mother also testified she was familiar with the effects of methamphetamine usage in and around the user's mouth—also known as "meth-mouth"—based on her training and experience as a dental assistant.

kept residence, deteriorating physical appearance, and association with individuals known to use drugs. The court held:

> The conduct by [the mother] was justified by her genuine concerns about the welfare of the children. The request for a drug screen test was reasonable, in view of past history, current evidence, and the widespread availability of street drugs. Therefore, her actions were not willful and do not constitute contempt of court.

The court further held the mother must "immediately comply with all provisions of the present decree providing the respondent with full access to the children" if the father produced written drug screening results showing no positive tests for illegal substances. The father did not provide any drug screening results.

In June 2015, an application for involuntary commitment for a substance-abuse-related disorder was filed against the father.[2] The father was evaluated in a hospital for approximately eleven days. The physician's report evaluating the father's condition indicated a "long-standing history of alcohol and amphetamine dependence." The report also stated the father was a danger to himself due to "depression, passive suicidal ideation, and refusing treatment." The father, however, was discharged based on a report stating, "[The father] does not appear to need further substance abuse treatment due to no substance use for several months and no abuse for several years." The involuntary commitment proceeding was dismissed in October 2015.

In July 2015, the court held a hearing on the mother's previously filed petition to modify the custody provisions of dissolution decree based on the

---

[2] The details of the proceedings are not apparent from the record.

father's illegal drug use.[3]  The court modified the dissolution decree to provide the mother sole physical custody of the children.  The court held, "Respondent's apparent return to the usage of illegal controlled substances now interferes with his ability to care for the children.  There is evidence in the record of poor decision making by the father, as it pertains to the children's supervision."  The modification also provided for visitation with the father supervised by the children's paternal grandmother.  Unsupervised visitation could continue if the father established he has been drug-free for three months and complies with all substance-abuse treatment recommendations.  The father was also required to pay $784.25 per month in child support and $3,137.00 in arrearage.

Supervised visitation continued with the father and the paternal grandparents through October 2015 until the mother learned of an incident during a visitation where the paternal grandparents left the children unsupervised with the father for sixty to ninety minutes on Halloween.  Following the incident, the mother would not allow the paternal grandparents to supervise visitations between the children and the father due to her concerns over the safety of the children.  The father has not had an official visitation, spoken over the phone, nor engaged in electronic or written correspondence with the children since the Halloween incident.  The father did not attempt to modify the decree or seek an alternative supervisor for visitations.

---

[3] The hearing was originally continued based on the father's mental-health evaluation for methamphetamine abuse and other related disorders during the involuntary-commitment proceedings.

In January 2017, the mother filed a petition for the termination of the father's parental rights to the children pursuant to Iowa Code section 600A.5 (2017), alleging the father abandoned the children. On February 21, the father admitted to the use of methamphetamine after the police conducted a traffic stop and arrested him for operating under the influence. The father's urine test confirmed his admission, as the urinalysis was positive for methamphetamine.

At trial, the children's guardian ad litem (GAL) recommended it is in the children's best interest to terminate the father's rights and stated the children feel abandoned by their father. The father argued the mother prevented the father from engaging with the children and termination is not in the children's best interests. The record from trial also shows the father failed to make child support payments and has a balance of $18,037.75 in unpaid support payments. The father testified he could not make payments because he lost his logging job due to emotional stress and has no source of income. However, the district court found the father's loss of employment was not involuntary. The father did not seek unemployment benefits or apply for social security disability.

In its June 2 ruling, the court addressed the father's argument that the mother prevented him from visitation:

> The children's father has had no meaningful contact with the children in interest since October 2015, a period of nineteen months. He has not sought to contact the children in any manner, nor their mother concerning the children. He has not provided evidence that he is drug free and to the contrary has admitted use of methamphetamine in February 2017. He has taken no subsequent treatment to end his use of the illegal drug. While the children's mother has doggedly enforced the court-ordered requirement for supervised visitation, *her actions in eliminating the paternal grandparents as visitation supervisors was justified by their allowing unsupervised contact between the children and their*

*father.* The children's father has not sought to enforce his right to supervised visitation by proposing another visitation supervisor. The children's father appears to have resolved that any attempt to enforce his visitation rights would be futile. Nevertheless, if he were only to provide clean drug tests he could move to unsupervised contact. It does not appear from the record, that he is willing or able to obtain such proof of abstinence from the use of illegal drugs. The children's father has made no attempt whatsoever to pay the child support ordered by the court and is substantially in arrears. . . . The children's attorney and guardian ad litem report the children do not care to return to visitation with their father due to problems that occurred when the visitation was suspended. *Visitation with a parent using methamphetamine is not safe and the children and their mother have cause to seek that visitation not occur.*

(Emphasis added). The court further held, "Clinton . . . , the children's father, has abandoned the children, within the scope and meaning of Iowa Code section 600A.8(3)," and "termination of the parental rights in this case would benefit the children in interest." The father appealed.

**II. Standard of Review.**

We conduct a de novo review of termination proceedings under chapter 600A. *See In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We defer to the factual findings of the district court, especially witness-credibility findings, but we are not bound by them. *See In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). In termination proceedings, the best interests of the children involved are "the paramount consideration," but we also give "due consideration" to the interests of the children's parents. *See* Iowa Code § 600A.1. The termination findings must be based on clear and convincing proof. Iowa Code § 600A.8.

**III. Discussion.**

The father claims the juvenile court erred in finding the mother proved the statutory grounds for termination. The father also claims termination is not in the

best interests of the children. The mother argues the juvenile court properly determined the father abandoned the children and termination is in their best interests.

In a private termination-of-parental-rights proceeding, the petitioner must establish by clear and convincing evidence that a statutory ground for termination exists. *See* Iowa Code § 600A.8; *In re B.L.A.*, 357 N.W.2d 20, 22 (Iowa 1984). If a ground is proved, the petitioner must also establish termination of parental rights is in the children's best interests. *See In re A.H.B.*, 791 N.W.2d 687, 690 (Iowa 2010). Although the interests of the parents must be given due consideration, our primary concern is the children's best interests. *See* Iowa Code § 600A.1 ("The best interest of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting this chapter."); *A.H.B.*, 791 N.W.2d at 690–91. Thus, we conduct a two-step analysis in our review. First, we determine whether the statutory requirements are established. Second, we review whether termination is in the best interests of the children.

### A. Statutory Requirements.

Under Iowa law, abandonment of a minor child is one of the grounds authorizing the termination of parental rights under Iowa Code chapter 600A. *See* Iowa Code § 600A.8(3). The petitioner need not establish the father's subjective intent to abandon the children. *See id.* § 600A.8(3)(c); *In re G.A.*, 826 N.W.2d at 130 (recognizing a parent's subjective intent does not preclude a finding of abandonment); *see also In re C.J.F.M.*, No. 10-0166, 2010 WL 3157756, at *2 (Iowa Ct. App. Aug. 11, 2010) (recognizing the "'intention to abandon' is no longer a statutory element in the definitions of Iowa Code chapter

600A"). Nor is the petitioner required to show the respondent or anyone else made diligent efforts to encourage the father to perform the acts specified in section 600A.8(3)(b). *See* Iowa Code § 600A.8(3)(c). Rather, abandonment is determined by a parent's actions or lack thereof. *See In re J.L.W.*, 523 N.W.2d 622, 624 (Iowa Ct. App. 1994) ("Clearly, actions speak louder than words."), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

Section 600A.2(19) defines abandonment of a minor child as "reject[ing] the duties imposed by the parent-child relationship . . . , which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code section 600A.8(3)(b) provides that a parent of a child six months of age or older will not be deemed to have abandoned the child if that parent maintains:

> substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The father argues the mother prevented him from visiting the children. He claims the mother's reason for ceasing visitation—the father's substance-abuse issues—was unjustified. He points to the report during his involuntary

commitment evaluation stating he does not have a substance-abuse problem. While there may be dispute over the father's exact diagnosis, the record supports illegal-drug use by the father. The father admitted to using methamphetamine in February 2017. The same evaluation the father cites explains he has a long-standing history of "alcohol and amphetamine dependence." The father has yet to seek treatment, and there is no indication that the father's illegal drug use will cease. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (stating a parent's past behavior is indicative of their future behavior).

Moreover, the father's lack of visitation with his children was a reasonable restriction to protect the safety of the children by the mother based on the father's conduct. *In re G.A.*, 826 N.W.2d at 129 (finding the mother did not prevent the father from exercising visitation with the child when the mother placed reasonable conditions on visitation in light of the father's substance-abuse history and the father made no attempt to comply with the conditions). Pursuant to the court order, the father could have submitted results of a drug screening to demonstrate that he is no longer using methamphetamine. He failed to do so.

The father also argues he could not meet his support obligation because he was unemployed for two years without a license. However, the father stipulated to a finding of contempt for willful non-payment of child support. The father's ability to pay is a factor in a contempt finding. Furthermore, the father voluntarily left his employment and did not seek disability or unemployment benefits to make his child-support payments. *See B.L.A.*, 357 N.W.2d at 23 (finding the father's previous contempt action along with his inability to seek

employment supports that he failed to pay child support without good cause). The statutory grounds for termination were met.

### B. Best Interests.

Next, we consider whether the termination of the father's parental rights is in the children's best interests. *See J.L.W.*, 523 N.W.2d at 625 ("Once we determine a ground for termination under 600A.8 has been established by clear and convincing evidence, we must next determine whether it is in the child[ren]'s best interests to order termination of parental rights."). In doing so, we give "due consideration" to the father's interests. *See* Iowa Code § 600A.1.

The father argues termination is not in the best interests of the children because the adoption of the children by the mother's paramour is not certain. The father's argument misses the point. The record contains multiple examples of harm the father's substance abuse and abandonment have caused the children and few examples of how a continued relationship with the father would benefit the children. He has left them unsupervised on occasions to cook their own food. He recently was arrested for driving while under the influence of methamphetamine. His physical health has suffered. He has failed to maintain employment and his child support obligation. He had not communicated with the children in approximately nineteen months before the termination. There is little in the record that shows the father supported the children emotionally or financially in recent years. *See J.E.*, 723 N.W.2d at 798. The GAL report also concludes it is in the children's best interests to terminate the father's parental rights because. We agree. Termination is in the children's best interests.

**AFFIRMED.**